UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON WINDOM,<br><br>Plaintiff,<br><br>v.<br><br>DRUG ENFORCEMENT AGENCY, et al.,<br><br>Defendants. | Case No. 20-cv-02431-JCS<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED** |

## I.   INTRODUCTION

Plaintiff Cameron Windom, pro se,[1] asserts that Defendants the Drug Enforcement Administration ("DEA") and Bureau of Alcohol, Tobacco, and Firearms ("ATF") failed to comply with requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Good cause having been shown, the Court hereby GRANTS Windom's application to proceed in forma pauperis. *See* dkt. 2. Because Windom's complaint does not include sufficient factual allegations to state a claim on which relief may be granted, however, Windom is ORDERED TO SHOW CAUSE why his complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). No

---

[1] Windom is not a stranger to this Court. On January 22, 2019, Judge Seeborg dismissed a case against numerous federal officers and agencies where Windom asked the court to "exercise the honesty motion that can assure control over all corrupt policies, proceedings, and irrational laws." *Windom v. Hatch*, No. 18-cv-07660-RS, 2019 WL 1095809 (N.D. Cal. Jan. 22, 2019), *adopting recommendation*, 2019 WL 1095831 (N.D. Cal. Jan. 3, 2019) (Laporte, M.J.). On June 27, 2019, Judge Freeman dismissed a complaint where Windom alleged misconduct related to mysticism and "neocheating," concluding that Windom's allegations were "largely incomprehensible." *Windom v. Brady*, No. 19-cv-02045-BLF, 2019 WL 3367544 (N.D. Cal. June 27, 2019), *adopting recommendation*, 2019 WL 2387120 (N.D. Cal. June 6, 2019) (Hixson, M.J.). On April 6, 2020, Judge Armstrong dismissed a case where Windom alleged that the Internal Revenue Service violated his rights under the Eighth Amendment to the U.S. Constitution. *Windom v. Internal Revenue Serv.*, No. C 20-1506 SBA, ECF Doc. No. 10 (N.D. Cal. Apr. 6, 2020), *adopting recommendation*, ECF Doc. No. 7 (N.D. Cal. Mar. 3, 2030) (Cousins, M.J.). A number of Windom's complaints appear to invoke the late Frank R. Wallace's "Neo-Tech" philosophy. Windom is advised that such philosophical concepts are not legal authority.

later than August 4, 2020, Windom must file either an amended complaint curing the deficiencies stated herein or a response to this order arguing why his current complaint is sufficient. If Windom does not respond to this order by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed with prejudice.

The case management conference previously set for July 10, 2020 is CONTINUED to October 30, 2020 at 2:00 PM.

## II.  ALLEGATIONS OF THE COMPLAINT

Other than short answers identifying the parties, basis for jurisdiction, and relief sought, the two substantive portions of Windom's form complaint are sections identifying the amount in controversy and a statement of his claim. In the "Amount in Controversy" section, Windom wrote the following:

> The Guns and Fists of November 3rd Newsletter Subversion Document Vol 3 #2 – "Cosmic Mind and the War of Two Worlds – Value Producers vs Value Destroyers" Reveals in addition to the dynamics of fully integrated honesty & its Golden Helmet, the "DEA, and ATF" must make restitution covering irreplaceable time wasted by their value destructions, and providing me with false importance and a bogus livelihood under the guise of "Consumer Protection."

Compl. (dkt. 1) ¶ II(B)(3).

In the "Statement of Claim" section, Windom wrote as follows:

> Plaintiff's FOIA Requests and Defendants' Failure to Respond: By separate requests to DEA, and ATF dated July 2019, plaintiff submitted FOIA requests for "all records relating to transactions, communications, and contracts concerning the dynamics of fully integrated honesty and its competitive business dynamics accompanying the Guns and Fist Newsletter Documents.
>
> DEA Failed to Comply with Plaintiff's Request. ATF Failed to Comply with Plaintiff's Request.
>
> Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request.

*Id.* ¶ III.

## III.  ANALYSIS

### A.  Legal Standard for Review Under § 1915

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave

2

to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions" and to "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). Thus, to meet this requirement, the complaint must be supported by factual allegations. *Id.*

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

### B. Legal Standard for FOIA Claims

FOIA was enacted with the "broad mandate" of "provid[ing] for open disclosure of public information." *Baldrige v. Shapiro*, 455 U.S. 345, 352 (1982); *see also Minier v. Cent. Intelligence Agency*, 88 F.3d 796, 800 (9th Cir. 1996) ("FOIA entitles private citizens to access government records."). Thus, under FOIA, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any

person." 5 U.S.C. § 552(a)(3)(A).

Notwithstanding FOIA's broad mandate for public disclosure of documents, it includes nine exemptions under which an agency may withhold documents. 5 U.S.C. § 552(b); *see Minier*, 88 F.3d at 800. "These exemptions are 'explicitly exclusive'" in nature, meaning "an agency may withhold a document or portion thereof, *only if* the material at issue falls within one of the nine statutory exemptions." *Maricopa Audubon Soc. v. U.S. Forest Serv.*, 108 F.3d 1082, 1085 (9th Cir. 1997) (quoting *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151 (1989)) (emphasis added). Further, the Ninth Circuit has held that "in light of FIOA's purpose of encouraging disclosure, . . . 'its exemptions are to be interpreted narrowly.'" *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009) (quoting *Assembly of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992)). Where an agency withholds documents under one of FOIA's exemptions, the agency "bears the burden of demonstrating that the exemption properly applies to the documents." *Lahr*, 569 F.3d at 973.

If a government agency denies production of requested documents under FOIA, the requester may administratively appeal the agency's decision pursuant to the agency's relevant regulations. *See e.g. Hidalgo v. FBI*, 344 F.3d 1256 (D.C. Cir. 2003). Once a FOIA requester has exhausted all administrative remedies, and if he or she continues to be dissatisfied with the government agency's responses, the requester may appeal the government agency's decision to a federal district court in the district where he or she resides. *See* 5 U.S.C. § 552(a)(4)(B) ("[T]he district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."); *In re Steele*, 799 F.2d 461, 465–466 (9th Cir. 1986) (holding that exhaustion of a party's administrative remedies is required under FOIA before that party can seek judicial review).

Where denial of a FOIA request is challenged in federal district court, the court reviews the matter de novo and "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). A plaintiff in a FOIA action may be entitled to injunctive relief where the

court finds that the agency's reliance on a FOIA exemption was improper or where the agency "'fails to demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents.'" *Lahr*, 569 F.3d at 986 (quoting *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985)). An agency may demonstrate that it has conducted a search that was "reasonably calculated to uncover responsive records" by submitting "in good faith" "reasonably detailed, non-conclusory affidavits depicting adequate searches for the documents requested." *Zemansky*, 767 F.2d at 571, 574.

### C. Windom Has Not Sufficiently Stated a FOIA Claim

Windom's complaint asserts the basic elements of a claim under FOIA: that he submitted requests for documents, that the DEA and ATF failed to comply with those requests, and that Windom exhausted his administrative remedies. *See* Compl. ¶ III. Under the pleading standard of *Iqbal* and *Twombly*, however, "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Windom has not included factual allegations addressing how he submitted his requests, whether the DEA and ATF responded in any way, or what steps Windom took to exhaust his administrative remedies. It is also not entirely clear what Windom requested, or whether Windom believes that any responsive documents exist. Courts look to such factual allegations to determine at the pleading stage whether a plaintiff followed the correct procedures to trigger an obligation on the defendant agencies to produce documents or otherwise take action, and to allow the plaintiff to pursue a civil claim in court if the defendants failed to do so. *See, e.g.*, *Bettweiser v. Gans*, No. 1:15-CV-00493-EJL, 2017 WL 1217096, at *4–7 (D. Idaho Mar. 31, 2017), *aff'd*, 715 F. App'x 767 (9th Cir. 2018); *Frost v. U.S. Dep't of Justice*, No. 17-cv-01240-JCS, 2017 WL 2081185, at *5 (N.D. Cal. May 15, 2017); *Smith v. FBI*, No. CV F 07-0507 LJO WMW, 2008 WL 115350, at *5 (E.D. Cal. Jan. 10, 2008). Windom is therefore ORDERED TO SHOW CAUSE why his complaint should not be dismissed for failure to include sufficient factual allegations to allow the Court to determine whether Windom submitted a valid request, whether the DEA and ATF's response, if any, was appropriate, and whether Windom took the necessary steps to exhaust his administrative remedies.

The Court also has serious concerns as to whether Windom's request for "all records

relating to transactions, communications, and contracts concerning the dynamics of fully integrated honesty and its competitive business dynamics accompanying the Guns and Fist Newsletter Documents," Compl. ¶ III, satisfied FOIA's statutory mandate that requests must "reasonably describe[]" the records sought. *See* 5 U.S.C. § 552(a)(3)(A). Because it is not entirely clear at this stage how Windom phrased his request, however, this order does not reach that issue. If Windom files an amended complaint, he may wish to attach copies of the requests that he submitted to the DEA and ATF. The Court further notes that Windom likely cannot obtain all forms of relief that he seeks under FOIA, but does not reach that issue at this time.

## IV. CONCLUSION

Windom is ORDERED TO SHOW CAUSE why his complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). No later than August 4, 2020, Windom must file either an amended complaint curing the deficiencies stated herein—i.e., alleging how he submitted his requests, how Defendants responded, and what steps he took to pursue administrative remedies—or a response to this order arguing why his current complaint is sufficient. **If Windom does not respond to this order by August 4, 2020, the case will be reassigned to a United States district judge with a recommendation that it be dismissed with prejudice.**

Any amended complaint must include the caption and civil case number used in this order (20-cv-02431) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Windom's original complaint by reference, but instead must include all of the facts and claims Windom wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Windom files an amended complaint, he may also wish to attach copies of the requests that he submitted to the DEA and ATF.

Windom, who is not represented by counsel, is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance if he continues to pursue this case. Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation. Although in-person appointments are not currently available due to the COVID-19

6

public health emergency, Austin may contact the Help Desk at 415-782-8982 or FedPro@sfbar.org to schedule a telephonic appointment.

**IT IS SO ORDERED.**

Dated: July 7, 2020

> JOSEPH C. SPERO
> Chief Magistrate Judge